NEWTON (NORRIS v.). See Case No. 10,-307.

---

## Case No. 10,192.

### NEWTON et al. v. REARDON.

[2 Cranch, C. C. 49.] [1]

Circuit Court, District of Columbia. July Term, 1812.

TRESPASS ON THE CASE—USE AND OCCUPATION OF LAND—NECESSARY PARTIES.

Case will lie for use and occupation of land in Virginia; but all the joint tenants or tenants in common interested with the plaintiffs must be joined as plaintiffs in the action; and if they are not, the defendant may take advantage of the omission without pleading it in abatement.

Case for use and occupation of land at Occoquan in Virginia.

E. J. Lee and Mr. Taylor, for defendant, contended that an action for use and occupation did not lie before the statute of 11 Geo. II., c. 19, § 14, and that as that act is not in force in Virginia, no such action could be maintained in Alexandria county, which is governed by the laws of Virginia as they existed in 1801. Esp. 19; Green v. Harrington, Hut. 34; 1 Bac. Abr. (Gwillim's Ed.) 257; Wilkins v. Wingate, 6 Term R. 62; Brett v. Read, Cro. Car. 343.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the action for use and occupation would lie; but that, as the plaintiffs [Newton and Muncaster] had read in evidence a deed to them and one Smoot, who is dead, but whose heirs are living, the plaintiffs could not recover in this suit; there being no evidence of any express agreement to hold under the plaintiffs.

The plaintiffs thereupon became nonsuit, with leave to Mr. Swann to move to reinstate the cause without costs. At a subsequent day Mr. Swann made the motion, and contended that the defendant could only take advantage of the omission to join the other tenants in common, by a plea in abatement, and cited the following authorities: Addison v. Overend, 6 Term R. 766; 3 Bac. Abr. (Gwillim's Ed., by Wilson) 708; Stowel's Case, Moore, 466; Deering v. Moor, Cro. Eliz. 554; Anonymous, Skin. 12; Haywood v. Davies, 1 Salk. 4; Blackborough v. Graves, 1 Mod. 102; Carth. 63; Nelthorpe v. Dorrington, Bull. N. P. 36; Leglise v. Champante, 2 Strange, 820; 2 Bl. Comm. 186; Co. Littt. §§ 314, 316, 317; Harrison v. Barnby, 5 Term R. 246; Martin v. Crompe, 1 Ld. Raym. 340; 3 Bac. Abr. 706; Cutting v. Derby, 2 W. Bl. 1077; Cooke v. Loxley, 5 Term R. 4; Doe v. Prosser, Cowp. 217. In ejectment, the defendant cannot, upon the general issue, take

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

advantage of the omission of the other joint tenants. Tenants in common may join or sever in the recovery of their rights. By the law of Virginia the right of survivorship is abolished, and the plaintiffs were tenants in common with the heirs of Smoot. In debt for rent they may join, but in avowry they must sever; because the first is a personal action; but the other savors of the realty. One tenant in common may distrain and recover although the tenant has paid the whole rent to the other tenant in common. If tenants in common sever in debt for rent, each will recover only his share. Where the plaintiffs' claim is founded upon their title in law, they shall recover according to the title they can show. But in this case the plaintiffs can recover the whole rent. This would certainly have been the case if the defendant had expressly agreed to hold under the plaintiffs. He could not then deny their title. By the death of Smoot the possession was severed. It is not necessary to show that the heirs of Smoot were ousted by the plaintiffs. They were infants and could not have licensed any one to occupy the land. The defendant therefore did, in fact, hold under the plaintiffs alone, and having been permitted by them to use and occupy the land, he cannot now deny their title.

Mr. Taylor, for defendant, contra. There is no evidence that the possession of the plaintiffs is adverse to the heirs of Smoot. The cause of action arises merely by implication of law, in consequence of the defendant's use and occupation of land which in law belongs to or is in the possession of the plaintiffs. Unless there was some agreement by the defendant to hold of the plaintiffs, their title to recover depends upon their title to the land. All the tenants in common must join in an action which affects the possession alone; but whenever the action brings the title in question they must sever. The reason is given in Co. Litt. § 314, namely: that tenants in common have several titles, and several reversions, if they make a lease for years or life rendering rent, a tenant in common may bring debt for his moiety. of the rent. But the action for use and occupation, is not a claim for rent; it is a mere personal demand; it has no relation to the reversion; there can be no distress. In an action upon a joint contract brought by one only the defendant is not bound to plead in abatement. But it is otherwise in cases of tort. Culley v. Spearman, 2 H. Bl. 386; W. Jones, 253; s. p., Leglise v. Champante, 2 Strange, 820; Graham v. Robertson, 2 Term R. 282; Kirkhan v. Newsted, 1 Esp. 117; Chit. Pl. 6, note 7; Saund. 125, 291; Scott v. Godwin, 1 Bos. & P. 73; Addison v. Overend, 6 Term R. 770.

Mr. Swann, in reply. This is not an action merely in the personalty. It is in the nature of an action for rent. Whenever the suit is for the issues and profits of the land, it savors of the realty, and tenants in common may sever, whether the action be covenant,

or debt, or avowry, or case, or assumpsit for 'use and occupation. Debt for double rent may be maintained by one tenant in common. If the claim arises out of the title, and if it be necessary to show the title, then it comes under the law respecting the realty. The action for use and occupation is a substitute for the action of debt for rent, and is governed by the same rules. King v. Fraser, 6 East, 348.

CRANCH, Chief Judge, after reviewing authorities, cited: All the cases in which it has been held that the defendant must plead joint-tenancy, or tenancy in common of the plaintiff with others in abatement, are cases of tort. In cases of contract, whether express or implied, the defendant may show in evidence upon the general issue, that other persons than the plaintiffs are equally entitled to sue. I therefore think we were correct in the opinion which we gave at that trial and would refuse to reinstate the cause. And of this opinion was the whole court.

In addition to the cases cited in the argument, the following were noticed by the court: Dockwray v. Dickenson, Skin. 640, Comb. 366; Harman v. Whitchlow, Latch, 152; Child v. Sands, 1 Salk. 32; Brown v. Hedges, Id. 290; Garret v. Taylor, Cro. Jac. 567.